UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                               :

  IN RE:                                        :  CASE NO.: 25-22282-cgm
                                             :
                                             :  CHAPTER: 13
  Jovita Calimlim aka Jovita Valencia Calimlim,  :
                                             :  HON. JUDGE:
                                             :  Hon. Cecelia G. Morris
  Debtor.                                     :
                                             :
                                             :
------------------------------------------------------------------X

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND
CO-DEBTOR STAY REGARDING REAL PROPERTY**

    Fay Servicing, LLC as servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF8 Master Participation Trust (together with any successor or assign, "Movant"), by and through its undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises located at 612 Baldwin Place, Mamaroneck, NY 10543 ("Property"); vacating the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a); granting Movant reasonable attorney fees and costs; and granting Movant such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

### FACTUAL HISTORY

1. Movant is a secured creditor of Jovita Calimlim aka Jovita Valencia Calimlim

("Debtor") pursuant to a Note executed by Debtor and Jaime Calimlim a/k/a Jamie Calimlim (collectively, the "Borrowers") on March 10, 2007, whereby the Borrowers promised to repay $626,835.68 plus interest to Beneficial Homeowner Service Corporation (the "Note"). To secure the repayment of the Note, Borrowers executed a Mortgage (the "Mortgage," Note and Mortgage, collectively, the "Loan") in favor of Beneficial Homeowner Service Corporation, which was recorded on April 24, 2007, in the Westchester County Clerk's Office (the "Mortgage") encumbering the Property and the Loan was ultimately assigned to Movant by an assignment of mortgage. Subsequent to the Mortgage, Borrowers entered into two loan modification agreements – the first one dated December 29, 2015 and the second on March 9, 2022. Copies of the Note, Mortgage, Loan Modifications, and Assignments of Mortgage are attached hereto as **Exhibit A**.

2. A Petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on April 4, 2025.

## LEGAL ARGUMENT

3. The Debtor has failed to make current mortgage payments due under the terms of the Loan. As a result, the Loan remains contractually due for July 2022, and each subsequent payment due thereafter. No post-petition payments have been made since the filing date.

4. Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

5. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Taylor*, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

6. Movant will be irreparably injured by continuation of the co-debtor stay imposed under 11 U.S.C. § 1301(a) absent payments from the Debtor and/or Co-Debtor. As such, the co-debtor stay should be lifted pursuant to 11 U.S.C. § 1301(c)(3), and Movant should be permitted to proceed against the Co-Debtor.

7. In addition, Movant requests an Order allowing Movant to offer and provide Debtors with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with the Debtors without further order of the court.

8. A copy of the Relief from Stay-Real Estate and Cooperative Apartments is attached hereto as **Exhibit B**.

9. Movant respectfully requests reasonable attorney fees in the amount of $1,350.00 and costs in the amount of $199.00.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s Property; vacating the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a); granting reasonable attorney fees and costs; and for such other, further and different relief as to this Court may deem just, proper, and equitable.

Dated: Garden City, New York

     October 23 , 2025

                                         By: _Michael Rozea_
                                         Michael Rozea, Esq.
                                         FRIEDMAN VARTOLO LLP
                                         Attorneys for Movant
                                         1325 Franklin Avenue, Suite 160
                                         Garden City, NY 11530
                                         T: (212) 471-5100 F: (212) 471-5150